# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

PHARMACY SERVICES, INC.,
Plaintiff,

v.

SWAROVSKI NORTH AMERICA, LTD.,
Defendant.

C.A. N[illegible]-72

RECEIVED
OCT 07 2004
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

## STIPULATED PROTECTIVE ORDER

For the protection of confidential business information and material produced or otherwise disclosed among the parties, in the above-captioned action, it is hereby ordered as follows:

1. As used in this Protective Order, "Confidential Material" shall mean information that is a trade secret or otherwise, in the designating parties' opinion, provides that party with a competitive advantage over those not possessing the information or is such that the disclosure of the information would likely be detrimental to the party's business. By way of example and not limitation, Confidential Material includes information regarding a party's finances, sales, margins, profits, business plans, customers, distributors, suppliers, or any other related business or market information.

2. Each party to this litigation may designate any information being produced (whether in the form of documents, electronically recorded information, responses to discovery requests, depositions or otherwise) as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" if the information constitutes or contains Confidential Material as set forth herein. The said designation shall be made by the producing party by placing or affixing on such material (in such

7

manner as will not interfere with the legibility thereof), the appropriate designation. The parties agree that the "HIGHLY CONFIDENTIAL" designation shall be reserved for particularly sensitive information (for example, pricing and margin information in a suit between competitors). The parties agree that this designation will be applied with discretion and only after a careful evaluation of the basis for the confidentiality designation.

3. All material so designated shall be treated as Confidential Material according to the terms of this Protective Order, shall be used only in connection with the prosecution or defense of this litigation, shall not be used for any business purpose, and may be shown or disclosed only to the persons and on the conditions described in this Protective Order.

4. Material designated "CONFIDENTIAL" may be disclosed only to (a) trial counsel and necessary members of counsel's office, (b) experts consulted or retained by trial counsel for purposes of trial, and (c) necessary personnel employed by the receiving party; provided, however, that each person receiving such information shall execute a copy of Exhibit A, which document shall be retained by counsel.

5. Materials designated as "HIGHLY CONFIDENTIAL" may be disclosed only to (a) trial counsel and necessary members of counsel's office and (b) experts consulted or retained by trial counsel for purposes of trial; provided, however, that each person receiving such information shall execute a copy of Exhibit A, which document shall be retained by counsel. Such material shall not be disclosed to employees or representatives of the receiving party.

6. Filing with the Court of any document or information that is subject to this Protective Order shall be considered a disclosure unless the document or information is filed under seal. No document or information may be filed under seal without prior authorization

from the Court. The parties shall make every effort to avoid seeking to file documents or information under seal. Any order authorizing the filing of documents or information under seal or prohibiting the disclosure of information shall be subject to review at the request of any party, any member of the public, or the Court *sua sponte*.

7. Nothing herein shall prevent any producing party from using or disclosing its own Confidential Material as it deems appropriate.

8. Any party to this Protective Order may agree in writing or on the record during any deposition or testimony to waive this Protective Order with respect to any materials it has designated as containing Confidential Material. No waiver shall constitute, or have the effect of, a waiver of confidentiality of any material other than specifically identified therein.

9. Nothing in this Protective Order shall preclude any party from showing an employee of a producing party at a deposition of that person any Confidential Material provided by the producing party, and such disclosure shall not effect the confidential nature of the information.

10. Nothing herein shall bar a party from the unrestricted use of any document or information otherwise obtained from public sources.

11. The restrictions provided in this Protective Order shall apply solely to this litigation. These restrictions shall not terminate with this litigation but shall continue until further Order of the Court.

12. This Protective Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the

submitted in accordance with this Protective Order, exclusive of any notes or other attorney work product, or dispose of such information unless otherwise agreed to by the parties.

ENTERED AS AN ORDER of this Court this 15 day of October, 2004.

ENTER:

Ernest C Torres
10/15/04

PER ORDER:

CONSENTED TO:

PHARMACY SERVICES, INC.

By Its Attorneys,

KLAFTER & MASON

Gary L. Mason, Esq.
Manalapan Corporate Plaza
195 Route 95 South, Suite 204
Manalapan, NJ 07726

Carol A. Zangari, Esq.
42 Weybosset Street
Suite 402
Providence, RI 02903

SWAROVSKI NORTH AMERICA LIMITED

By Its Attorneys,

PARTRIDGE SNOW & HAHN LLP

Michael A. Gamboli, Esq. #4684
180 South Main Street
Providence, RI 02903
(401) 861-8200