# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

PHARMACY SERVICES, INC.,
Plaintiff

v.

SWAROVSKI NORTH AMERICA, LTD.,
Defendant

C.A. No. 04-72T

## NOTICE OF DEPOSITION PURSUANT TO RULE 30(b)(6)

TO: Gary L. Mason, Esq.
Klafter & Mason
Manalapan Corporate Plaza
195 Route 95 South, Suite 204
Manalapan, NJ 07726

Carol A. Zangari, Esq.
42 Weybosset Street
Suite 402
Providence, RI 02903

PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 30(b)(6), the Defendant, Swarovski North America Limited, by its attorneys, will take the deposition upon oral examination of Plaintiff, Pharmacy Services, Inc., by and through its designee(s) on the **1st day of December, 2004 at 10:00 a.m.** at the law offices of Partridge Snow & Hahn LLP, 180 South Main Street, Providence, Rhode Island 02903, or another location mutually acceptable to the parties, before a Notary Public or some other person authorized by law. The deponent is required to designate one or more officers, directors or managing agents, or other person(s) who consent to testify on its behalf and may set forth for each person designated the matters upon which the person will testify. The areas of inquiry are set forth on Exhibit A. By agreement of the parties and the court, this deposition will not include any inquiry into Plaintiff's damage claims; rather such inquiry shall be made at a subsequent deposition, if necessary. The deposition will continue from day to day thereafter until the examination is concluded. You are invited to attend and take part as is permitted under law.

8

SWAROVSKI NORTH AMERICA LIMITED

By Its Attorneys,

PARTRIDGE SNOW & HAHN LLP

Michael A. Gamboli (#4684)
180 South Main Street
Providence, RI 02903
(401) 861-8200
(401) 861-8210 FAX

CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of October, 2004, I mailed a copy of the within Notice of Deposition Pursuant to 30(b)(6) to the following:

Gary L. Mason, Esq.
Klafter & Mason
Manalapan Corporate Plaza
195 Route 95 South, Suite 204
Manalapan, NJ 07726

Carol A. Zangari, Esq.
42 Weybosset Street
Suite 402
Providence, RI 02903

Carol C. Levasseur

**EXHIBIT A**

1. Communications between the parties concerning the Plaintiff's Authorized Retailer Agreement with Swarovski, including:

   a. communications taking place at or about the time the Authorized Retailer Agreement was executed;

   b. any negotiations concerning the Authorized Retailer Agreement;

   c. communications concerning the terms, conditions and/or duration of the Authorized Retailer Agreement; and

   d. the termination of the Authorized Retailer Agreement.

2. Communications between Plaintiff and other authorized or unauthorized Swarovski retailers concerning the termination of Plaintiff's Authorized Retailer Agreement or a termination of any other retailer's Authorized Retailer Agreement with Swarovski.

3. The Swarovski Crystal Society ("SCS"), including:

   a. Plaintiff's customers who were referred to or became members of the SCS;

   b. representations or communications between the parties concerning the SCS; and

   c. communications between Plaintiff and its customers/SCS members concerning Swarovski and/or the termination of Plaintiff's Authorized Retailer Agreement.

4. All litigation Plaintiff has been a party to in the last ten (10) years.

5. The appearance and location of Plaintiff's store from 1998 to the present, including any changes and modifications thereto such as the $500,000 of improvements Plaintiff put into its store as alleged in its Complaint.

6. The operation of Plaintiff's store, including without limitation the physical layout of the store, the size of the store, the types and amounts of product carried, and the physical placement of the products.

7. The documents Plaintiff is being asked to produce in response to Defendant's First Request for Production of Documents.

8. The interrogatory answers Plaintiff is being asked to provide pursuant to Defendant's First Set of Interrogatories.

9. Plaintiff's internet website, including without limitation the operation of the website, creation of the website and the methods by which Plaintiff sold Swarovski product on the website.

10. Swarovski's so-called direct sales initiative.

11. The reasons for termination of Plaintiff's Authorized Retailer Agreement.

12. Plaintiff's competitors.

13. The terms and conditions of Plaintiff's Authorized Retailer Agreement and any other agreement or understanding between the parties.

14. Any other area that may come up as a result of information provided at the deposition.

762863_1/3322-31