# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| PHARMACY SERVICES, INC.,<br>Plaintiff,<br><br>v.<br><br>SWAROVSKI NORTH AMERICA, LTD.,<br>Defendant. | C.A. No. 04-72 T |

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Now comes Defendant Swarovski North America Limited and, pursuant to Fed. R. Civ. 56(c) and Local Rule 12.1, hereby moves for the entry of summary judgment in its favor and against Plaintiff on all remaining Counts of Plaintiff's Complaint (being Counts 2 through 5 and 7, Counts 1 and 6 having been previously dismissed by agreement). In support of this Motion, Defendant states that there are no genuine issues of material fact in dispute and that Defendant is entitled to judgment as a matter of law on said remaining Counts of the Complaint. In further support of its Motion, Defendant relies upon its Statement of Undisputed Material Facts and its Memorandum of Law, each of which is filed contemporaneously herewith and incorporated herein by reference pursuant to Fed. R. Civ. P. 10(c).

WHEREFORE, Defendant requests the entry of summary judgment in its favor and against Plaintiff on all remaining Counts of Plaintiff's Complaint.

SWAROVSKI NORTH AMERICA LIMITED

By Its Attorneys,

PARTRIDGE SNOW & HAHN LLP

Steven E. Snow (# 1774)
Michael A. Gamboli (# 4684)
Robert K. Taylor (# 6514)
180 South Main Street
Providence, RI 02903
(401) 861-8200
(401) 861-8210 FAX

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing DEFENDANT'S MOTION FOR SUMMARY JUDGMENT was sent on this 14th day of July, 2005 to:

Via Federal Express

Gary L. Mason, Esq.
Klafter & Mason
Manalapan Corporate Plaza
195 Route 95 South
Suite 204
Manalapan, NJ 07726

Via First Class Mail

Carol A. Zangari, Esq.
42 Weybosset Street
Suite 402
Providence, RI 02903

Carol C. Levasseur

809102_1/3322-31

FILED

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| PHARMACY SERVICES, INC.,<br>Plaintiff, | |
| v. | C.A. No. 04-72 T |
| SWAROVSKI NORTH AMERICA, LTD.,<br>Defendant. | |

## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Defendant Swarovski North America Limited ("Swarovski") submits the following memorandum of law in support of its motion for summary judgment on all remaining counts of plaintiff Pharmacy Services, Inc.'s ("Roselle") complaint.[1]

Swarovski is entitled to summary judgment because the undisputed facts demonstrate that Roselle knew and agreed at the outset of the parties' relationship in 1999 that Swarovski could terminate Roselle as an authorized retailer without notice at any time. Roselle has not alleged, nor could it, that Swarovski ever made any affirmative representations to the contrary. Thus, when Swarovski did terminate Roselle in January 2003, there was nothing tortious or wrongful about its conduct. Roselle's effort to impose extra-contractual obligations on Swarovski by disguising them as tort duties should be rejected.

## I. SUMMARY JUDGMENT STANDARDS.

A party seeking summary judgment must show that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.

[1] The remaining claims are for misrepresentation (Count 2), tortious interference with economic advantage (Count 3), civil conspiracy (Count 4), unfair competition (Count 5), and punitive damages (Count 7). Counts 1 and 6 of the Complaint have already been dismissed.

R. Civ. P. 56(c). In determining whether summary judgment is appropriate, the Court must view the facts on the record and all reasonable inferences therefrom in the light most favorable to the non-moving party. *Cont'l Cas. Co. v. Canadian Universal Ins. Co.*, 924 F.2d 370, 373 (1st Cir. 1991). Although the Court must examine the record in the light most favorable to the non-moving party, defeating a properly documented motion for summary judgment requires more than the "jingoistic brandishing of a cardboard sword." *Int'l Ass'n of Machinists v. Winship Green Nursing Ctr.*, 103 F.3d 196, 199-200 (1st Cir. 1996).

Initially, the burden in a summary judgment motion requires the moving party to aver "an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party meets this burden, the onus falls upon the non-moving party, who must oppose the motion by presenting facts that show that there is a "genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Garside v. Osco Drug, Inc.*, 895 F.2d 46, 48 (1st Cir. 1990) ("a genuine issue exists if there is sufficient evidence supporting this claimed factual dispute to require a choice between the parties' differing versions of the truth at trial."). To oppose the motion successfully, the non-moving party "may not rest upon mere allegation or denials of his pleading." *Anderson*, 477 U.S. at 256. The non-moving party must establish a trial-worthy issue by presenting "enough competent evidence to enable a finding favorable to the non-moving party." *Goldman v. First Nat'l Bank of Boston*, 985 F.2d 1113, 1116 (1st Cir. 1993). Moreover, the evidence presented by the non-moving party "cannot be conjectural or problematic; must have substance in the sense that it limns differing versions of the truth which a fact finder must resolve at an ensuing trial." *Mesnick v. Gen. Elec. Co.*, 950 F.2d 816, 822 (1st Cir. 1991).

## II. ROSELLE'S MISREPRESENTATION CLAIM SHOULD BE DISMISSED BECAUSE THE PARTIES AGREED THAT ROSELLE COULD BE TERMINATED WITHOUT NOTICE.

Count 2 of Roselle's Complaint alleges three misrepresentations. First, Roselle alleges that Swarovski "may have been planning to sell direct to consumers as far back as 1999 when Plaintiff first entered into its authorized retailer agreement," and apparently that Swarovski never told Roselle about these plans. Complaint ¶ 83. Second, the Complaint alleges that "[t]hroughout 2002, Defendant failed to advise Plaintiff that Defendant intended to terminate Plaintiff's authorized retailer agreement." Complaint ¶ 84. Third, Roselle asserts that in 2003 Swarovski misrepresented the steps it took to arrive at the decision to terminate Roselle. Complaint ¶¶ 59-64, 88. None of these allegations can survive summary judgment.

To establish a claim of fraudulent misrepresentation in Rhode Island, a plaintiff must prove four elements: (1) a false or misleading statement of material fact that was (2) known by the defendant to be false and (3) made with intent to deceive, (4) upon which plaintiff reasonably relied to its detriment.[2] *Guilbeault v. R.J. Reynolds Tobacco Co.*, 84 F. Supp.2d 263, 268 (D.R.I. 2000); *see also Nat. Credit Union Admin Bd. v. Regine,* 795 F. Supp. 59, 70 (D.R.I. 1992). "'[A] party who has been induced by fraud to enter into a contract' may elect either to rescind the contract, or 'to affirm the contract and sue for damages in an action for intentional deceit or misrepresentation.'"; *Stebbins v. Wells*, 766 A.2d 369, 372 (R.I. 2001) (quoting *Travers v. Spidel*, 682 A.2d 471, 472-73 (R.I. 1996)). It has long been held that fraud "is never presumed but must be clearly proved." *Cliftex Clothing Co. v. DiSanto*, 88 R.I. 338, 344, 148

---

[2] Rhode Island substantive law applies in this case pursuant to Swarovski's terms and conditions of sale, which Roselle agreed would govern. See Exhibit B to the Affidavit of Douglas Brown ("Brown Aff.") attached to Swarovski's Statement of Undisputed Material Facts ("Undisputed Facts")(acknowledging that Roselle has "received and read Swarovski America Limited's Terms and Conditions of Sale ('Terms') and agrees that all sales of products by Swarovski America Limited made pursuant to and governed by those Terms, as they may be supplemented or amended from time to time." Even in the absence of this agreement, Rhode Island substantive law would apply to this diversity action under the significant interest test. *See, e.g., Crellin Tech., Inc. v. Equipmentlease Corp.*, 18 F.3d 1, 12 (1st Cir. 1994) (application of choice of law factors revealed that Rhode Island had a more significant interest than Massachusetts in the resolution of fraud claim).

A.2d 273, 275 (1959). Thus, in order to recover in an action for fraudulent misrepresentation, Roselle must clearly show that Swarovski knowingly made a false statement with the intent to deceive, upon which Roselle reasonably relied.

The undisputed facts demonstrate that Swarovski never misled Roselle about Swarovski's future business plans or the possibility that Roselle could be terminated at any time without notice. When Roselle became an authorized retailer in 1999, it signed Swarovski's Standards for Authorized Swarovski America Limited Retailers ("Standards") and agreed to Swarovski's Terms and Conditions of Sale ("Terms"). Undisputed Fact 3. Roselle's owner testified that there were no discussions about any of the provisions of the Standards or the Terms in 1999. Undisputed Fact No. 6. Nor has Roselle alleged that Swarovski made any representations about its plans or the anticipated duration of Roselle's status as an authorized retailer after 1999. Roselle's claim that Swarovski deliberately concealed its business plans is not supported by any evidence, and in any event fails as a matter of law.

**A. Swarovski Had No Duty To Disclose Its Marketing Plans.**

"[A] claim based on concealment will not lie absent a duty to speak." *Guilbeault,* 84 F. Supp.2d at 268-69. Even assuming for purposes of summary judgment that Swarovski did decide in 1999 to begin selling to consumers directly, as Roselle alleges in the Complaint, it had no duty to disclose that fact to Roselle. It is well established that a manufacturer may choose to distribute its products either directly, through distributors, through retailers, or through some combination of methods, and that it may change distribution methods unilaterally if it chooses to do so. *See, e.g., Auburn News Co. v. Providence Journal Co.*, 659 F.2d 273, 278 (1st Cir. 1981), *cert. denied*, 455 U.S. 921 (1982) (termination of independent distributors in favor of direct distribution permissible); *Monsanto Co. v. Spray-Rite Serv. Co.*, 465 U.S. 752, 760-61 (1984) (a supplier "has a right to deal, or refuse to deal, with whomever it likes, as long as it does so

independently"). A manufacturer is under no obligation to disclose its strategic plans to a potential distributor or retailer that does not even bother to ask about them. If Swarovski's future marketing plans were material to Roselle, it should have questioned them in 1999 before becoming an authorized retailer. *See Stebbins v. Wells*, 766 A.2d 362, 372 (R.I. 2001) (affirming dismissal of claims for fraud and misrepresentation by buyer of property who was not told of land erosion where "the trial justice found that the plaintiff never raised the issue of erosion with respect to this property and that the defendants never made any misrepresentations about its rate of erosion.").

In fact, Swarovski's plans to sell directly to consumers were never material to Roselle. Roselle admits as much in the Complaint. Complaint ¶ 33 ("Defendant's announcement that it intended to begin selling direct to consumers, in and of itself, would not have concerned Plaintiff because Plaintiff was ready, willing and able to openly compete with Defendant."). Roselle's real complaint is not that Swarovski began to sell directly to consumers, but that Swarovski terminated Roselle, which it was free to do.

Roselle's assertion that Swarovski's failure to disclose an intention to begin selling directly to consumers at some point in the future constitutes an actionable misrepresentation "is anchored less in reason than in wishful thinking." *Fashion House, Inc. v. K Mart Corp.*, 892 F.2d 1076, 1092 (1st Cir. 1989). Roselle never asked for any assurance that Swarovski would refrain from direct sales, and Swarovski never represented that it would indefinitely continue to sell at retail through Roselle. Swarovski's alleged "concealment" of its business plans is not an actionable misrepresentation.

**B. <u>Swarovski Had No Duty To Give Notice Of An Intention To Terminate.</u>**

Roselle does not allege, nor could it, that Swarovski made any affirmative representations about the duration of their relationship when Roselle became an authorized

dealer in 1999 or at any time thereafter. Roselle instead complains that it was not given advance notice of the termination. Yet Roselle knew from the outset that Swarovski could decide to stop selling merchandise to Roselle at any time without notice. Swarovski's Standards, which Roselle signed in April 1999, expressly provide that Swarovski "reserves its rights to terminate the Authorized Retailer and to sell to, or refuse to sell to, any Authorized Retailer, at any time without notice for any reason." Ex. B to Brown Aff. at Bates No. SNA 0052; *see also id.* at SNA 0053 ("The 'Authorized' status of an Authorized Swarovski America Limited Retailer may automatically terminate without notice . . . ."). Swarovski's right to terminate Roselle was also repeated in the Terms:

> Either Buyer or Seller may terminate the Retailer status, in keeping with which, Seller may refuse to sell to Buyer at any time without notice for any or no reason.

Ex. A to Brown Aff. at Bates No. SNA 0047. Roselle acknowledged in April 1999 that it received and read the Standards and Terms. Ex. B to Brown Aff. at Bates No. SNA 0053.

Even accepting for purposes of summary judgment Roselle's allegation that Swarovski decided to terminate Roselle in 2002, but did not give notice (Complaint ¶ 84), it is plain that no notice was required. Roselle can not get around the language of its agreement with Swarovski by asserting a claim for misrepresentation by omission. Swarovski had no duty to give notice of an intention to terminate Roselle; furthermore, Roselle could not have had any reasonable expectation that it would receive such notice. *See Fashion House, Inc.*, 892 F.2d at 1092 ("It is an elementary concept that, to recover for fraud, a claimant must show that the asserted damage was caused by reasonable reliance upon the opposing party's false representations."); *Lafazia v. Howe,* 575 A.2d 182, 185 (R.I. 1990) (disclaimer-merger clauses in purchase agreement precluded the defendants/buyers from asserting that plaintiffs made material misrepresentations regarding the profitability of the business); *Turner v. Johnson & Johnson,* 809 F.2d 90, 97 (1st Cir. 1986) ("if a jury is allowed to ignore contract provisions directly at

odds with oral representations allegedly made during negotiations, the language of a contract simply would not matter anymore"). Roselle's effort to impose an extra-contractual notice requirement on Swarovski should be rejected.

### C. Roselle Did Not Rely On Any Statements In The Termination Letter

Roselle complains that in the January 2003 termination letter, Swarovski misrepresented the steps preceding its decision to terminate Roselle. Complaint ¶¶ 59-64, 88. However, even if these allegations are accepted as true for purposes of summary judgment, they are not sufficient to establish a claim for misrepresentation. Roselle has not alleged, nor could it, that it relied to its detriment on the allegedly false statements in the termination letter. Once the termination letter was sent, the relationship between Roselle and Swarovski ended, and no detrimental reliance on the termination letter was possible. Thus, Roselle cannot establish an essential element of this claim.

## III. ROSELLE'S CLAIM FOR TORTIOUS INTERFERENCE WITH ECONOMIC ADVANTAGE SHOULD BE DISMISSED BECAUSE THERE WAS NO WRONGFUL CONDUCT.

Count 3 of Roselle's Complaint alleges that "Defendants intentionally and maliciously interfered with Plaintiff's business relationships." Complaint ¶ 97. This claim must be dismissed because the alleged interference arises solely out of Swarovski's refusal to continue to deal with Roselle. Because Swarovski had the right to terminate its relationship with Roselle at any time, the termination could not have been tortious.

Under Rhode Island law, in order to prevail on a claim of intentional interference with business relationships, a plaintiff must prove:

1. The existence of a business relationship or expectancy.
2. That the defendants knew of that relationship or expectancy.
3. That the defendants intentionally interfered with that relationship or expectancy.

4. That the interference caused the plaintiff to sustain the harm in question.

*Mesolella v. City of Providence*, 508 A.2d 661, 669 (R.I. 1986). If the Plaintiff establishes these prima facie elements, "the burden of proving sufficient justification for the interference shifts to the defendant." *Belliveau Bldg. Corp. v. O'Coin*, 763 A.2d 622, 627 (R.I. 2000).

"This does not mean that a defendant is liable simply for committing an intentional act that interferes with a plaintiff's business relationships. The interference must be impermissible or unjustified." *Stop & Shop Supermarket Co. v. Blue Cross & Blue Shield of Rhode Island, Coordinated Health Partners, Inc.*, 239 F. Supp. 2d 180, 194 (D.R.I. 2003). Therefore, to establish a *prima facie* case of intentional interference, Plaintiff must allege and prove not only that Swarovski intended to do harm to the Plaintiff's business relationships, but that it did so without the benefit of any legally recognized privilege or other justification. *Belliveau Bldg. Corp. v. O'Coin,* 763 A.2d at 627.

Plaintiff has not shown that Swarovski acted with "the intent to do harm without justification." *New England Multi-Unit Hous. Laundry Ass'n v. Rhode Island Hous. and Mortgage Fin. Co.,* 893 F. Supp. 1180, 1193 (D.R.I. 1995). The only interfering conduct alleged in the Complaint is Swarovski's decision to terminate Roselle as an authorized retailer. While the termination certainly made it impossible for Roselle to continue selling Swarovski products to its customers, termination without notice was expressly permitted under both the Standards and the Terms which governed the parties' relationship. Because there was nothing wrongful about Swarovski's exercise of its right to terminate Roselle, its tortious interference claim should be dismissed as a matter of law.

## IV. ROSELLE'S CIVIL CONSPIRACY CLAIM MUST BE DISMISSED BECAUSE ROSELLE HAS NOT IDENTIFIED ANY CONSPIRATORS OR ESTABLISHED ANY UNDERLYING CAUSE OF ACTION.

It is black letter law that an organization can not conspire with itself. *Copperweld Corp. v. Independence Tube Corp.*, 467 U.S. 752, 769-71 (1984). While the Complaint alleges that Swarovski conspired with John Does 1-50 and ABC Corps. 1-10, Roselle has never identified these alleged conspirators or advanced any evidence of concerted action. In fact, Roselle's stated explanation of this claim was that the co-conspirators were all Swarovski companies and there was no independent third party co-conspirator. Deposition of Stuart Schulman, page 114, lines 9-20. In light of the undisputed facts demonstrating that Swarovski acted unilaterally in deciding to terminate Roselle, the civil conspiracy claim should be dismissed.

Even if Roselle could present some evidence of concerted action, its civil conspiracy claim would still fail. Under Rhode Island law, "a civil conspiracy claim requires the specific intent to do something illegal or tortious." *Guilbeault v. R.J. Reynolds Tobacco Co.*, 84 F. Supp. 2d 263, 268 (D.R.I. 2000). *See also Stubbs v. Taft*, 88 R.I. 462, 468, 149 A.2d 706, 708-09 (1959) (a civil conspiracy is established by evidence from "which a party may reasonably infer the joint assent of the minds of two or more parties to the prosecution of the unlawful enterprise.") (citation omitted); *Sullivan v. Faria*, 112 R.I. 132, 138, 308 A.2d 473, 477 (1973) (a civil conspiracy claim fails without evidence "to show the requisite unlawful purpose or unlawful means").

If there is no underlying unlawful activity, then there can be no claim of conspiracy. *ERI Max Entm't, Inc. v. Streisand*, 690 A.2d 1351, 1354 (R.I. 1997) (plaintiff's civil conspiracy claim must fail because it was predicated on the mistaken supposition that defendants' exclusive agreement, as described in the complaint, was unlawful); *Stubbs, supra,* at

708 (civil conspiracy claim requires evidence of prosecution of an unlawful enterprise). Because Roselle cannot show that Swarovski committed any unlawful acts, the civil conspiracy claim must also be dismissed.

## V. ROSELLE'S UNFAIR COMPETITION CLAIM SHOULD BE DISMISSED BECAUSE ROSELLE HAS NOT ALLEGED CONSUMER CONFUSION.

Count 5 of Roselle's Complaint alleges that Swarovski's conduct constituted "unfair competition" because it employed wrongful means in promoting and marketing its ability to sell directly to consumers. Furthermore, Plaintiff alleges that such conduct "created and continues to create an unlawful restraint of trade." Finally, the Plaintiff alleges that the purpose of Swarovski's conduct was, at least in part, to advance its own interests in competing with the Plaintiff. Complaint ¶¶ 107-109.

These allegations fail to state a claim. Under Rhode Island law, unfair competition is a common law cause of action and relates to trade regulation. *Foraste v. Brown Univ.,* 248 F. Supp. 2d 71, 81 (D.R.I. 2003). The Rhode Island Supreme Court has held that "a finding of unfair competition must be predicated upon conduct on the part of the [defendant] that reasonably tended to confuse and mislead the general public into purchasing [its] product when the actual intent of the purchaser was to buy the product of the complainant." *ERI Max Entm't, Inc. v. Streisand,* 690 A.2d 1351, 1354 (R.I. 1997).

"Obviously Plaintiff has made no such allegations here." *Foraste*, 248 F. Supp. 2d at 81. Roselle merely states that Swarovski employed "wrongful means" to promote its own products, that its conduct creates an "unlawful restraint of trade," and that Swarovski intended to advance its own interests in competing with the Plaintiff. Nowhere does Roselle allege that the "means employed would be likely to confuse and mislead the public." *Nat'l Lumber & Bldg. Materials Co. v. Langevin,* 798 A.2d 429, 433 (R.I. 2002). Roselle has also not presented any

evidence upon which a reasonable finder of fact could conclude that Swarovski took action that was designed or could mislead the public about the source of the product.

## VI. ROSELLE IS NOT ENTITLED TO PUNITIVE DAMAGES

Roselle's Count 7 seeks punitive damages under New Jersey law, alleging that Swarovski's conduct was "actuated by actual malice and accompanied by a wanton and willful disregard of Plaintiff's rights." Complaint ¶ 116. As set forth above, New Jersey law is inapplicable, and Swarovski did not engage in any wrongful conduct, but merely terminated Roselle as an authorized retailer, which it was entitled to do. Thus, Roselle's claim for punitive damages should also be dismissed.

## VII. CONCLUSION

For all of the foregoing reasons, Swarovski's motion for summary judgment on all remaining counts of Plaintiff's Complaint should be granted.

SWAROVSKI NORTH AMERICA LIMITED

By Its Attorneys,

PARTRIDGE SNOW & HAHN LLP

Steven E. Snow (#1774)
Michael A. Gamboli (#4684)
Robert K. Taylor (#6514)
180 South Main Street
Providence, RI 02903
(401) 861-8200
(401) 861-8210 FAX

DATED: July 14, 2005

FILED

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT was sent on this 14th day of July, 2005 to:

Via Facsimile

Gary L. Mason, Esq.
Klafter & Mason
Manalapan Corporate Plaza
195 Route 95 South
Suite 204
Manalapan, NJ 07726

Via Regular Mail

Carol A. Zangari, Esq.
42 Weybosset Street
Suite 402
Providence, RI 02903

Carol C. Levasseur

809073_2/3322-31