**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

PHARMACY SERVICES, INC., t/a ROSELLE CENTER PHARMACY, a/k/a ROSELLE CENTER CARD, GIFT AND COLLECTIBLES,
Plaintiff,

v.

SWAROVSKI NORTH AMERICA, LTD.,
Defendant.

C.A. No. 04-72 T

**REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Defendant Swarovski North America Limited ("Swarovski") respectfully submits the following reply memorandum in support of its motion for summary judgment.

## I. ARGUMENT

### A. Roselle's Misrepresentation Claim Must Be Dismissed.

Roselle argues that a legal duty to disclose information "need not exist because the mere concealment of a material fact is sufficient to sustain a cause of action for misrepresentation." Opp. at 7. This is contrary to well-established law in Rhode Island and elsewhere that a person who is under no duty to speak is not liable for failing to disclose information. *See, e.g., Schultz v. Rhode Island Hosp. Trust Nat'l Bank*, 94 F.3d 721, 730 (1st Cir. 1996) ("Absent allegations of affirmative misrepresentations or misstatements by RIHT, the question becomes whether RIHT was guilty of any actionable omissions. Absent a duty to speak, RIHT's silence could not have been fraudulent."); *McGinn v. McGinn,* 50 R.I. 236, 240, 146 A. 636, 638 (1929) (mere silence in the absence of a duty to speak is not fraudulent); *Friedman v. Jablonski,* 371 Mass. 482, 485 n.3, 358 N.E.2d 994 (1976) (silence will not

constitute fraudulent concealment in the absence of a fiduciary relationship). In the absence of disputed factual issues about the relationship between the parties, the question of whether a duty exists can be decided as a matter of law. *Hydro-Mfg., Inc. v. Kayser-Roth Corp.*, 640 A.2d 950, 955 (R.I. 1994) ("The existence – or nonexistence – of a duty is prerequisite to a finding of liability in tort law . . . . Whether such a duty exists is a question of law for the court.") (citations omitted).

In an arms-length commercial relationship, there is no duty to disclose. *See, e.g., Sparks v. Fidelity Nat'l Title Ins. Co.*, 294 F.3d 259, 274 (1st Cir. 2002) ("Because the relationship between Nations and Sparks was at arm's length, it did not give rise to any affirmative obligation to disclose what criteria Nations would apply in deciding whether, and on what terms, to sell any of the lots.") (citing Massachusetts cases); *Hydro-Mfg., Inc. v. Kayser-Roth Corp.*, 640 A.2d 950, 956 (R.I. 1994) (seller of commercial real estate has no affirmative duty to disclose defects to buyer); *Kennett-Murray Corp. v. Bone*, 622 F.2d 887, 892 n.4 (5th Cir. 1980) ("Fraud can be established by silence where the business relationship of the parties is such as to create a duty to disclose certain material facts.").[1] If this were not the case, every contract negotiation would be a prelude to a claim for fraudulent misrepresentation.

Even if Rosselle could show that some duty existed, Swarovski is still entitled to summary judgment for several reasons. First, Roselle has not presented any evidence of intentional deceit. *See In re DiMartino*, 108 B.R. 394, 400 (D.R.I. 1989). In *DiMartino,* a partnership that had contracted to buy real property alleged that the selling partnership misrepresented the unfinished condition of the building. 108 B.R. at 399. The Court summarized Rhode Island law as follows:

---

[1] In *Kennett-Murray*, the court found that a duty existed because the parties had established an employer-employee relationship, and were no longer negotiating at arms length. *Id.*

> In order to recover in an action in tort for deceit, a plaintiff must show that the defendant knowingly made a false statement with the intent to deceive, thereby inducing the other party to rely on such statement to his detriment. Although fraud may be grounded in either affirmative acts or concealment, a plaintiff must still establish that a defendant knowingly created false impressions of material fact with the intent to deceive.

108 B.R. at 400 (citations omitted). *See also Halpert v. Rosenthal*, 107 R.I. 406, 412 (1970) (while an innocent misrepresentation may support a claim for rescission, in a suit for damages the plaintiff must show that the defendant knew the statements were false and intended to deceive);[2] *Stebbins v. Wells*, 766 A.2d 369, 372 (R.I. 2001) (to establish fraud "the plaintiff must prove that the defendant 'made a false representation intending thereby to induce plaintiff to rely thereon' and that the plaintiff justifiably relied thereon . . . .") (citations omitted). As in *DiMartino,* Roselle has failed to meet its burden of establishing that Swarovski knowingly created a false impression with an intent to deceive. It is undisputed that the Swarovski personnel who communicated with Roselle in 1999 made no statements regarding Swarovski's plans for its distribution network. Indeed, there is no evidence that those representatives even knew about the Mission 3000 strategic plan.

Second, Roselle concedes, as it must, that a plaintiff asserting a claim for fraudulent misrepresentation must show that "he reasonably relied upon the defendant's statements." Opp. at 5. As the Swarovski representatives said nothing about the company's distribution plans, Roselle was relying solely on its own assumptions about what those plans might be. Further, both the Standards and Terms signed by Roselle at the outset of the business relationship make it clear that the relationship could be terminated at any time by either party. Roselle suggests that its failure to read the Standards and Terms before signing them is not

[2] In *Halpert,* the buyer of a house asked the sellers and their agent whether the house had termites, and was told three times that it did not. A termite inspection later showed that there were and the buyers sought rescission of the purchase contract. *Halpert* is distinguishable from this case because it involved affirmative misrepresentations, and because Roselle is not seeking rescission of a contract.

important. Opp. at 6, citing *St. Paul Fire & Marine Ins. Co. v. Russo Bros. Inc.*, 641 A.2d 1297, 1299 (R.I. 1994).[3] On the contrary, Roselle's alleged reliance was even less reasonable if it did not even bother to read what was in the documents it was asked to sign.

Third, summary judgment should be granted on this count of the complaint because Roselle has failed to provide any evidence that the alleged misrepresentation was material. *Dudzik v. Leesona Corp.*, 473 A.2d 764, 766-67 (R.I. 1984) (misrepresentation is material if it is likely to affect the conduct of a reasonable person in the transaction). Roselle has not submitted any affidavit, testimony or expert report to establish that, had Swarovski disclosed its strategic plans to Roselle in 1999, Roselle would have done anything differently. Roselle was apparently so unconcerned about entering into the relationship that it did not even bother to read the Standards and Terms that it was asked to sign. Indeed, Roselle's opposition memorandum admits that Roselle has no idea whether disclosure would have changed anything. Opp. at 4, Section Heading B (Count 2 must survive summary judgment because of "The Concealment Of Certain Facts Which <u>May</u> Have Changed Plaintiff's Decision To Become One Of Defendant's Authorized Retailers") (emphasis added).

Roselle's opposition memorandum presents no evidence that Swarovski harbored an intention to terminate Roselle when Roselle became an authorized retailer in 1999; no evidence that Swarovski made any representation about its future business plans upon which Roselle might reasonably have relied; and no evidence that Swarovski's strategic plans, had they been disclosed, would have been material to Roselle. Summary judgment in favor of Swarovski should be granted.

---

[3] In *St. Paul Fire & Marine*, the court held that "Nowhere in the pleadings and materials properly before the trial justice did defendants allege they were induced to execute the indemnity agreement by the alleged misrepresentations." The same is true here. Also, *St. Paul* involved alleged affirmative representations by the insurance company's agent regarding the meaning of an indemnity agreement. There are no affirmative misrepresentations alleged in this case.

SWAROVSKI NORTH AMERICA
LIMITED

By Its Attorneys,

PARTRIDGE SNOW & HAHN LLP

Steven E. Snow (#1774)
Michael A. Gamboli (#4684)
Robert K. Taylor (#6514)
180 South Main Street
Providence, RI 02903
(401) 861-8200
(401) 861-8210 FAX

**DEFENDANT REQUESTS ORAL ARGUMENT**

DATED: August 23, 2005

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT was mailed, postage prepaid, on this 25th day of August, 2005 to:

Carol A. Zangari, Esq.
LAW OFFICES OF CAROL A. ZANGARI
42 Weybosset Street
Providence, RI 02903

Gary L. Mason, Esq.
KLAFTER & MASON, L.L.C.
Manalapan Corporate Plaza, Suite 204
Manalapan, NJ 07726

815292_1/3322-31